IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JESUS SALAZAR, Individually, and as the Special Administrator of the Estate of JESSE SALAZAR, deceased, and TERESA SALAZAR, <br><br> Plaintiffs, <br><br> v. <br><br> PCC COMMUNITY WELLNESS CENTER, d/b/a PCC SALUD FAMILY HEALTH CENTER, TESSIE GEORGE AIKARE, M.D., TUWANDA C. WILLIAMSON, M.D., WEST SUBURBAN MEDICAL CENTER, a corporation, RESURRECTION HEALTH CARE as Owners and operators of WEST SUBURDAN MEDICAL CENTER, VILLAGE RADIOLOGY, LTD., EMERGENCY CONSULTANTS, INC., BRUCE M. MACKENZIE, M.D., BOB M. KAO, M.D., <br><br> Defendants. | 08 C 1764 <br><br> Honorable Charles R. Norgle |

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the Court is Defendant West Suburban Medical Center's ("West") motion for the Court to retain jurisdiction over this medical malpractice action. For the following reasons, the motion is denied and the case is remanded to the Circuit Court of Cook County for further proceedings.

### I. BACKGROUND

Plaintiff initiated this case in the Circuit Court of Cook County on December 7, 2007, alleging against ten defendants claims for medical malpractice and a derivative claim under the

Family Expense Act. On March 26, 2008 the United States removed the case to this Court pursuant to 28 U.S.C. § 2679(d). According to the Notice of Removal, the United States Attorney, a designee of the Attorney General, certified that defendants PCC Community Wellness Center d/b/a PCC Salud Family Health Center ("PCC") and Dr. Tuwanda C. Williamson "were acting within the scope of their employment as [ ] federal government employees at the time" the incident giving rise to the claim occurred. (Dkt. Entry 1 at 2). Pursuant to this certification, the United States was substituted as the party defendant in lieu of PCC and Dr. Williamson, and the Court was therefore vested with jurisdiction over Plaintiff's claims.

On July 8, 2009 Plaintiff filed a motion to voluntarily dismiss without prejudice the United States and another defendant pursuant to FED. R. CIV. P. 41(a)(2). In support of his motion, Plaintiff stated: "[A]fter discussion with counsel and expert witnesses and provided this Court retain jurisdiction, [Plaintiff] believes this litigation can be streamlined without them as defendants." (Dkt. Entry 74 at 2). After requesting the government's dismissal, and fearing this Court would remand the case back to the Circuit Court of Cook County, Plaintiff insisted that the case remain in federal court. One defendant, Village Radiology, Ltd., filed a response to the motion to dismiss (Id.; Dkt. Entry 77 (withdrawn), 78.); that defendant didn't object to the government's dismissal, but simply stressed that the dismissal of the United States would eliminate all federal claims and defendants from the case.

On September 25, 2009 the Court granted Plaintiff's motion to dismiss the United States and granted leave for all parties to file additional pleadings if they wished to do so. Thereafter, another defendant, West Suburban Medical Center ("West Suburban"), filed a motion for this Court to retain jurisdiction, which is fully briefed and before the Court.

The issue for this Court to decide is whether it must retain jurisdiction over a state-law medical malpractice suit, regardless of Plaintiff's voluntary dismissal of the United States from this action, because the United States previously certified the case pursuant to § 2679. Since the United States is no longer a party to this action, there is no federal interest in this case. The government did not oppose its dismissal and it offers no position on the current issue. There is no diversity jurisdiction, and there is no federal question before the Court. West Suburban maintains nevertheless that a removal under § 2679(d)(2) conclusively establishes subject matter jurisdiction in the federal court and that, as a result, this Court has no authority to remand the case back to the Circuit Court of Cook County. The Court shall decide the issue as a matter of first impression.

## II. DISCUSSION

### A. STANDARD OF DECISION

The Federal Tort Claims Act (the "Act") provides that a suit against the United States is the exclusive remedy for damages for injury or loss of property that results "from negligent or wrongful conduct of any employee of the Government while acting within the scope of his office or employment." 28 U.S. § 2679(b)(1). At its core, the Act grants federal employees absolute immunity from common-law tort claims that arise out of acts that the federal employee undertakes in the course of his or her official duties. See 28 U.S.C. 2679(b)(1); Alexander v. Mount Sinai Hosp. Med. Ctr., 484 F.3d 889 (7th Cir. 2007). Thus, when a plaintiff initiates a case against a federal employee, the Act authorizes the Attorney General, or one of its designees, to certify that the employee was acting within the scope of his or her employment. 28 U.S.C. § 2679(d)(1), (2). Once the Attorney General issues such a certification, "the employee is

3

dismissed from the action and the United States is substituted as the defendant in place of the employee." Alexander, 484 F.3d at 891.

Of particular importance here, § 2679(d)(2) concludes with a command that the "certification [by] the Attorney General shall conclusively establish scope of office or employment for purposes of removal." 28 U.S.C. § 2679(d)(2). Under this language, if the United States later determines that it should not have certified a particular defendant, either because of a mistake or because the defendant was not acting within the scope of his or her official duties, a federal district court still would possess subject matter jurisdiction over the case, since Congress made the Attorney General's certification conclusive. See Alexander, 484 F.3d at 895. It follows, then, that a remand to the state court is not allowed for erroneous certification, even if there is no longer a federal interest in the case.

Indeed, the United States Supreme Court recently explained: "The Act's distinction between removed cases in which the Attorney General issues a scope-of-employment certification and those in which he does not leads to the conclusion that Congress gave district courts no authority to return cases to state courts on the ground that the Attorney General's certification was unwarranted." Osborn v. Haley, 549 U.S. 225, 241 (2007). The Supreme Court reasoned that if the Attorney General's certification were "open to a district court to remand a removed action on the ground that the Attorney General's certification was erroneous, [the statute's] final instruction would be weightless." Id. at 242. Accordingly, the Act's express language curbs the "needless shuttling" of cases from one court to the other, and ensures that once a removal has taken place after certification by the Attorney General, it may never be remanded to the state system." Id. (citing Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 433 n.10 (1995) (Souter, J., dissenting)).

4

## B. REMAND TO STATE COURT

In light of the above pronouncements, West Suburban argues that the Court should retain jurisdiction over this case, despite Plaintiff's dismissal of the United States and the resulting lack of federal interest. In support, West Suburban relies on the Seventh Circuit's decision in Alexander v Mount Sinai, characterizing it as "similar to the case at bar." But it isn't.

In Alexander, the Attorney General certified that a doctor accused of negligence was acting within the scope of his employment at a federally funded health center. 484 F.3d at 892. Incident to the Attorney General's certification, the government removed the case from the state court to federal court and sought to substitute itself for the doctor. Id. Thereafter the government eventually admitted that its decision to certify the doctor was mistaken because, as it turned out, the doctor had not contracted directly with the federally funded health center. Id. at 892-93. When this came to light, the plaintiff filed a motion to remand the case to state court. The district court denied the motion, however, holding that the parties were statutorily bound to litigate the case in federal court because of the government's initial decision to certify. See id. at 894. On appeal, the Seventh Circuit agreed with the district court, finding that a federal court could retain jurisdiction over a case that was removed with an erroneous certification because, under § 2679(d)(2), the certification was conclusive for purposes of removal. Id. at 897-98. So much is clear.

But this case presents a different scenario. The parties at this point have made little progress in the case, and the Court has not made any determinations as to whether the government's certification was appropriate. The government has been silent for the most part, and has informed neither the parties nor the Court that it made a mistake with respect to its decision to certify that PCC and Dr. Williamson were acting within the scope of their

5

employment. Nobody has challenged the government's certification. Rather, the Plaintiff took it upon himself to voluntarily dismiss the United States from this action without considering whether the certification was erroneous.

Again, the United States Supreme Court explained that district courts have no authority to return cases to state courts based on *the district court's disagreement with the Attorney General's scope-of-employment determination."* Osborn, 549 U.S. at 227 [emphasis supplied]. It did not, however, bar the district courts from returning a case to the state courts when the government is voluntarily dismissed at the request of a plaintiff. The Court recognizes that the Attorney General's decision to certify a case is conclusive for purposes of removal, but against this backdrop we cannot ignore what the Seventh Circuit has classified as the district courts' "nondelegable duty to police the limits of federal jurisdiction." See Market Streets Assocs. Ltd. Partnership v. Frey, 941 F.2d 588, 590 (7th Cir. 1991); see also Hart v. Terminex Int'l, 336 F.3d 541, 544 (7th Cir. 2003) (reiterating the admonition that litigants and courts must "meticulously review the limits of federal jurisdiction" so as to avoid the "waste of federal judicial resources and delay of justice" that occurs where a case is found to lack subject matter jurisdiction only after proceeding on the merits.).

This case is different from Alexander and Osborn; it's unique in fact. Here, by dismissing the United States as a party, the Plaintiff stripped the Court of subject matter jurisdiction before a challenge to the Attorney's General's certification took place, and before any discovery or testimony had revealed that the certification was unjustified. The certification was uncontested. There was no factual determination of whether the defendants were entitled to immunity. The scope of PCC and Dr. Williamson's conduct was never scrutinized. Any federal question that may have arisen pursuant to the certification is no longer outstanding. And since

the government is no longer a party, this case is comprised of Illinois claims and Illinois parties, with only Illinois interests at stake. For the federal court to retain jurisdiction over this case would allow a plaintiff to gain access to the federal courts by haphazardly naming a federally funded defendant as a party to the action, only to ensure that the government will initially certify the matter, knowing all the while that he or she has no intention of maintaining an action against the government. This Court will not furnish such a result. Accordingly, we find that to maintain this action without a determination of the appropriateness of certification would run afoul of this Court's duty to jealously guard its jurisdiction. See Tate v. Morin, 521 F. Supp. 2d 141, 144 (D.N.H. 2007) (examining Osborn and retaining jurisdiction after an evidentiary hearing on the certification took place, while noting, "This language instructs that a district court should continue to exercise its jurisdiction over actions . . . even when no federal question remains *after the court's review of certification*." [emphasis supplied]). The motion to retain jurisdiction is therefore denied.

### III. CONCLUSION

For the foregoing reasons, Defendant West Suburban Medical Center's motion for the Court to retain jurisdiction over this medical malpractice action is denied and the case is remanded to the Circuit Court of Cook County.

IT IS SO ORDERED.

ENTER:

*[signature]*

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 1/29/10